IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02942-BNB

LAWRENCE CONLEY,

    Applicant,

v.

COLORADO DEPT. OF CORRECTIONS,
WARDEN FRANCIS FULK, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Lawrence Conley, is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility in Limon, Colorado. Mr. Conley has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1). Mr. Conley alleges in the application that he is challenging the validity of his convictions in two Denver District Court cases. The relevant state court case numbers are 74CR2159 and 74CR2160.

    On December 4, 2012, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing whether Mr. Conley is in custody for the purposes of the convictions he is challenging as well as the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise those defenses in this action. On January 13, 2013, Respondents filed a Pre-Answer Response (ECF No. 13). On February 15, 2013, Mr. Conley filed a Reply to Pre-Answer Response (ECF

No. 16).

The Court must construe the application and other papers filed by Mr. Conley liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

The background of this action and Mr. Conley's convictions in the 1974 cases was described by the Colorado Court of Appeals as follows:

> From defendant's briefs and the limited record before us, it appears that on March 26, 1974, the prosecution filed a delinquency petition in the juvenile court accusing defendant of committing acts that, if committed by an adult, would constitute first degree burglary, menacing, and second degree burglary (case number C-46822). A month later, on April 24, 1974, defendant entered a plea of not guilty.
>
> On June 4, 1974, the juvenile court conducted a hearing, as required by section 19-2-518, C.R.S. 2010, on a motion filed by the prosecution to transfer jurisdiction over the case to the district court. The juvenile court denied the motion, finding that, although there was probable cause to support the alleged delinquent acts, it was not in defendant's or the community's best interest to transfer the matter to the district court.
>
> On July 2, 1974, the court conducted a detention hearing in a new case (case number C-47104) on allegations that defendant had committed acts that, if committed by an adult, would constitute rape, deviate sexual intercourse, and kidnapping. The court found probable cause to support these allegations and ordered defendant detained pending further proceedings.
>
> On July 12, 1974, the court granted the parties' stipulated motion to rehear the previously denied motion to transfer jurisdiction over defendant's original case (C-46822). The court also granted a motion to transfer jurisdiction over

defendant's new case (C-47104).

On November 14, 1974, after several continuances, the court reheard the motion to transfer jurisdiction over defendant's original case (C-46822). At that hearing, the court again found probable cause to support the alleged acts. The court also found it would be in the best interest of the community to transfer the case to district court. Accordingly, the court waived jurisdiction and ordered the case transferred to district court.

Five days later, on November 19, 1974, the prosecution filed two complaints against defendant in the district court, charging him with second degree burglary in case number 74CR2159, and with first degree burglary and menacing in case number 74CR2160.

On August 21, 1975, a jury found defendant guilty as charged in case number 74CR2160. Four days later, on August 25, 1975, the court accepted defendant's guilty plea in case number 74CR2159 to an amended count of attempted second degree burglary.

In October 1975, the court imposed concurrent indeterminate prison sentences not to exceed five years in both cases. Defendant did not appeal his convictions or his sentences.

Thirty-three years later, on September 22, 2008, defendant filed a pro se Crim. P. 35(c) motion in each case, alleging ineffective assistance of counsel and the failure of the juvenile court to appoint a guardian ad litem for him. Although defendant acknowledged that the three-year statute of limitations prescribed by section 16-5-402(1), C.R.S. 2010, had expired, he asserted two exceptions to the statute – namely, that the juvenile court lacked both personal and subject matter jurisdiction at the second transfer hearing, see 16-5-402(2)(a), (b), C.R.S. 2010, because (1) it was barred under the doctrines of double jeopardy and collateral estoppel from rehearing the prosecution's previously denied motion to transfer, and (2) the six-month speedy trial deadline had expired before the court conducted the rehearing.

The district court denied both of defendant's Crim. P. 35(c)

> motions as time barred under section 16-5-402, C.R.S.
> 2010, finding that (1) more than three years had passed
> since defendant was convicted, and (2) defendant had not
> alleged justifiable excuse or excusable neglect, as required
> by section 16-5-402(2)(d), C.R.S. 2010, for the untimely
> filings. This appeal followed.

*People v. Conley*, No. 08CA2625, slip op. at 1-4 (Colo. Ct. App. Mar. 31, 2011) (ECF No. 13-1 at 2-5). The Colorado Court of Appeals affirmed the orders denying the Rule 35(c) motions as time barred. (*See id.*) On November 14, 2011, the Colorado Supreme Court denied a petition for writ of certiorari Mr. Conley filed in the state court postconviction proceedings. (*See* ECF No. 13-7.)

Mr. Conley filed the instant action on November 8, 2012. He asserts five claims for relief in the application, four of which raise issues regarding the juvenile court's order transferring jurisdiction to the Denver District Court after it originally declined to transfer jurisdiction. Mr. Conley alleges in his fifth claim that his constitutional right to a speedy trial was violated.

Mr. Conley asserts that he currently is incarcerated as the result of convictions in 1987 and 1988 in the Denver District Court and the Adams County District Court. According to Mr. Conley, his current sentences are life sentences that were enhanced as a result of his convictions in the 1974 cases.

Respondents assert in the Pre-Answer Response that the instant action should be dismissed as untimely and because Mr. Conley's claims are unexhausted and procedurally defaulted. Respondents do not address whether Mr. Conley is in custody for the purposes of his convictions in the 1974 Denver District Court cases he alleges he is challenging. Mr. Conley argues that he is in custody with respect to the 1974

Denver District Court cases because those convictions were used to enhance the sentences he currently is serving.

The Court has jurisdiction to entertain an application for habeas relief pursuant to 28 U.S.C. § 2254 only from an applicant who is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973). Furthermore, the custody requirement is jurisdictional. *See McCormick v. Kline*, 572 F.3d 841, 848 (10th Cir. 2009). Thus, a prisoner seeking habeas corpus relief must be in custody pursuant to the conviction or sentence under attack at the time the habeas corpus application is filed. *See Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). Finally, it is Mr. Conley's burden to establish that the custody requirement is satisfied. *See United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994) (stating that defendant filing motion under 28 U.S.C. § 2255 bears the burden of demonstrating jurisdiction by affirmatively alleging he is in custody).

As noted above, Mr. Conley asserts that he is challenging the validity of his convictions in 74CR2159 and 74CR2160, which he maintains were used to enhance his current sentences. However, because Mr. Conley does not contend that he still is serving a sentence with respect to either 74CR2159 or 74CR2160, he no longer is in custody with respect to those convictions and may not challenge them directly. *See Maleng*, 490 U.S. at 491 ("In this case, the Court of Appeals held that a habeas petitioner may be 'in custody' under a conviction whose sentence has fully expired at the time his petition is filed, simply because that conviction has been used to enhance

the length of a current or future sentence imposed for a subsequent conviction.  We think that this interpretation stretches the language 'in custody' too far."); *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 401 (2001).

The Court recognizes that Mr. Conley can satisfy the custody requirement if the application can be construed as asserting a challenge to one or more of his current convictions and sentences.  *See Lackawanna*, 532 U.S. at 401-02.  Based on Mr. Conley's status as a *pro se* litigant, the Court construes the application liberally as challenging the validity of one or more of his current sentences that were enhanced by the 1974 convictions.  Because the Court ultimately concludes that Mr. Conley has failed to exhaust state remedies, the Court need not specify which of the current convictions or sentences is being challenged.

Therefore, the Court finds that Mr. Conley satisfies the custody requirement.  However, the fact that the application will be construed to satisfy the custody requirement does not mean that Mr. Conley may challenge the validity of his prior convictions in this action.

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.  If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna*, 532 U.S. at 403-04 (internal citation omitted).  As a result, unless an exception to this general rule applies, the instant action must be dismissed even if Mr. Conley satisfies the custody requirement.

There are two exceptions to the general rule in *Lackawanna*. First, the general rule does not apply to "§ 2254 petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained when there was a failure to appoint counsel in violation of the Sixth Amendment." *Id.* at 404. The second exception applies to "cases in which a petitioner has, through no fault of his own, no means of obtaining timely review of a constitutional claim." *McCormick*, 527 F.3d at 851 (internal quotation marks omitted). Examples of the second exception include a state court refusing without justification to rule on a properly presented constitutional claim and a defendant who obtains compelling evidence of actual innocence after the time for direct or collateral review has expired that could not have been uncovered in a timely manner. *See Lackawanna*, 532 U.S. at 405.

Mr. Conley does not allege that there was a failure to appoint counsel in either of the 1974 cases and there is no indication that he is asserting any constitutional claims for which, through no fault of his own, he was unable to obtain timely review. However, the Court declines to decide whether any exception to *Lackawanna* applies for two reasons. First, because the Court has construed the application liberally as raising claims challenging the validity of Mr. Conley's current sentences that were enhanced by his 1974 convictions, a ruling on the merits of those claims would affect adversely Mr. Conley's ability to file any subsequent federal habeas corpus action challenging the validity of his current convictions or sentences. Second, Mr. Conley fails to allege or demonstrate that he has exhausted state remedies for his claims challenging the validity of the enhanced sentences he currently is serving and "[c]rucial to the *Lackawanna* exceptions is the requirement that '[a]s with any § 2254 petition,' a petitioner seeking to

7

invoke the exceptions 'must satisfy the procedural prerequisites for relief[,] including, for example, exhaustion of remedies.'" *McCormick*, 572 F.3d at 851 (quoting *Lackawanna*, 532 U.S. at 404) (alterations in original).

The record before the Court demonstrates that the postconviction proceedings Mr. Conley initiated in 2008, which are the only state court proceedings mentioned in the application that could satisfy the exhaustion requirement, were not a challenge to Mr. Conley's current sentences as enhanced by the 1974 convictions.  Instead, as evidenced by the appellate briefs Mr. Conley filed in connection with the state court postconviction proceedings he initiated in 2008 (*see* ECF Nos. 13-4 thru 13-6), Mr. Conley challenged only the 1974 convictions in those proceedings.  Therefore, Mr. Conley fails to satisfy his burden of demonstrating he has exhausted state remedies with respect to any of his current convictions or sentences.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (noting that a state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies).

In conclusion, the instant action, which the Court has construed liberally as challenging the validity of one or more of Mr. Conley's current sentences that were enhanced by his conviction in the 1974 cases, will be dismissed without prejudice for failure to exhaust state remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he also must pay the full $455

appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed without prejudice for failure to exhaust state remedies.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  22nd  day of   February  , 2013.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court